FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 15 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV11-3927

ORIGINAL

GARAUFIS, J.

--------------------------------------------------------------- x

DWAYNE LOFTIN,

                                          Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER
ADRIAN CHATMAN, shield # 6828, POLICE
OFFICERS JOHN DOES 1-5,

                                          Defendants

**COMPLAINT**

...CK, M.J.

Jury Trial Demanded

**SUMMONS ISSUED**

--------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.     Plaintiff brings this civil rights action against the City of New York and several New York City Police Officers alleging that, on January 19, 2011, defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting him, using excessive force on him and fabricating evidence against him. The criminal case was adjourned in contemplation of dismissal on February 23, 2011. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery

and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. A notice of claim was duly filed with the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## PARTIES

6. Plaintiff is a resident of Brooklyn.

7. The City of New York is a municipal corporation organized under the laws of the State of New York

8. Police Officer Adrian Chatman is a member of the New York City Police Department ("NYPD"). The defendant was acting under color of state law and in his capacity as a member of the NYPD at all relevant times. The defendant is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendant is sued in his individual capacity.

9. John Does 1-5 are members of the NYPD who were involved in the arrest of plaintiff. The defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

2

## STATEMENT OF FACTS

10. On January 19, 2011, in the early evening, plaintiff was inside the lobby of 785 Belmont Avenue in Brooklyn visiting a friend who lives in apartment # 2C.

11. Although plaintiff had not committed a crime, the defendants, acting in concert, arrested plaintiff and handcuffed plaintiff excessively tight causing him to suffer pain and bruising.

12. None of the officers complied with plaintiff's requests to loosen the cuffs.

13. Plaintiff was taken in a van to the 75th Precinct and placed in a cell.

14. While he was held in the precinct, two of the defendants interrogated plaintiff.

15. While plaintiff was held in the precinct, Officer Chatman, with the approval and knowledge of the other defendants, falsely charged plaintiff with possession of marijuana.

16. While plaintiff was held in the precinct, no officer provided him with food or water or allowed him to use the telephone.

17. On January 20, 2011, at approximately 3:30 a.m., defendants released plaintiff with a Desk Appearance Ticket directing him to appear in court on a later date.

18. The criminal case was adjourned in contemplation of dismissal during a February 23, 2011 court appearance.

19. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered an unlawful detention, pain and physical injuries, emotional distress, fear, anxiety and humiliation.

3

## FIRST CLAIM

## (FALSE ARREST)

20. Plaintiff repeats the foregoing allegations.

21. At all relevant times, plaintiff did not commit a crime or violation.

22. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

23. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

## (UNREASONABLE FORCE)

24. Plaintiff repeats the foregoing allegations.

25. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injury.

26. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

## THIRD CLAIM

## (FABRICATION OF EVIDENCE AND DENIAL OF A FAIR TRIAL)

27. Plaintiff repeats the foregoing allegations.

28. Defendants misrepresented to the Kings County District Attorney's Office that plaintiff had committed a crime.

29. Defendants' misrepresentation deprived plaintiff of liberty in that he was required to appear in court after the making of the misrepresentation.

30. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabrication of evidence and for denying plaintiff a fair trial.

## FOURTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

31. Plaintiff repeats the foregoing allegations.

32. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

33. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

34. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

35. Several members of the NYPD have been arrested and convicted of crimes for making false allegations and for corruption.

36. Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

37. In 2011, former NYPD Officer Jerry Bowen was convicted of murder and attempted murder while under indictment for corruption.

38. In *Colon v. City of New York*, Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

5

39. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

40. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## FIFTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

41. Plaintiff repeats the foregoing allegations.

42. At all relevant times, plaintiff did not commit a crime or violation.

43. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

44. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## SIXTH CLAIM

### (ASSAULT)

45. Plaintiff repeats the foregoing allegations.

46. Defendants' search of and use of force upon plaintiff placed him in fear of imminent harmful and offensive physical contacts which injured him.

47. Accordingly, defendants are liable to plaintiff under New York state law for assault.

## SEVENTH CLAIM

### (BATTERY)

48. Plaintiff repeats the foregoing allegations.

49. Defendants' search of and use of force upon plaintiff were offensive and nonconsensual physical contacts which injured him.

50. Accordingly, defendants are liable to plaintiff under New York state law for battery.

## EIGHTH CLAIM

## (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

51. Plaintiff repeats the foregoing allegations.

52. The individual defendants were acting within the scope of their employment as members of the NYPD when they committed the torts alleged herein.

53. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: August 12, 2011

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391

7